**In re D.G.**

Court of Common Pleas of Ohio,
Cuyahoga County,
Juvenile Division.

No. 9704770.

Decided March 24, 1998.

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, and *David Cole*, Assistant Prosecuting Attorney, for the state.

*James Draper*, Cuyahoga County Public Defender and *Christopher Scott Maher*, Assistant Public Defender, for the juvenile.

PETER M. SIKORA, Judge.

This matter came before this court on the 24th of March 1998 upon the motion of the juvenile herein, D.G., for an order finding the juvenile incompetent for purposes of an adjudicatory hearing. The motion was made pursuant to the Fifth and Fourteenth Amendments to the United States Constitution, Sections 10 and 16, Article I of the Ohio Constitution, R.C. 2945.37 *et seq.*, Juv.R. 32, and the case law.

## BACKGROUND

On the 17th of April 1997, the Cleveland Police Department filed a complaint alleging D.G. to be a delinquent child by reason of his alleged violation of R.C. 2911.02(A)(2), which prohibits robbery, a felony of the second degree if committed by an adult.

Subsequent to apprehension of the child pursuant to a *capias* issued by this court, a pretrial conference was conducted on January 27, 1998, and the matter was then set for adjudicatory hearing. On February 9, 1998, the date of trial, issues regarding the minor's competency to stand trial were brought to the attention of this court by the child's counsel and the child's guardian *ad litem.* Counsel for the juvenile requested additional time to prepare the appropriate motion(s) in written form, and requested an order for a psychological evaluation on the issue of competency.

The court continued the matter to the 24th of March 1998 for further hearing on the issue of competency.

## LAW

The United States Supreme Court frequently has held that "the failure to observe procedures adequate to protect a defendant's right not to be tried or convicted while incompetent to stand trial deprives him of his due process right to a fair trial." *Drope v. Missouri* (1975), 420 U.S. 162, 172, 95 S.Ct. 896, 43 L.Ed.2d 103; see, also, *Cooper v. Oklahoma* (1996), 517 U.S. 348, 116 S.Ct. 1373, 134 L.Ed.2d 498; *Medina v. California* (1992), 505 U.S. 437, 112 S.Ct. 2572, 120 L.Ed.2d 353; and *Pate v. Robinson* (1966), 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 .

The test for competency is whether the accused has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States* (1960), 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824.

R.C. 2945.37 *et seq.* governs the competency issue for adults. However, no comparable statutory provision exists for juveniles in Ohio.

Pursuant to R.C. 2945.37(G), a defendant is presumed to be competent to stand trial unless, "after a hearing, the court finds by a preponderance of the evidence that because of the defendant's present mental condition, the defendant is incapable of understanding the nature and objective of the proceedings against the defendant or of assisting in the defendant's defense."

The United States Supreme Court has extended to juveniles many of the same due process rights afforded adult defendants. *Kent v. United States* (1966), 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84, and *In re Gault* (1967), 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527. Included among these critical rights is the right to counsel, and presumably, the requirement to be competent to stand trial, without which the right to counsel would be meaningless. See Juvenile Competency to Stand Trial (1977), 12 Fall Crim.Justice 4, 6. See, also, *Schall v. Martin* (1984),

467 U.S. 253, 263, 104 S.Ct. 2403, 81 L.Ed.2d 207: "There is no doubt that the Due Process Clause is applicable in juvenile proceedings."

Further, the Ohio Rules of Juvenile Procedure assume that a juvenile's due process rights encompass the right not to be adjudicated while incompetent. Juv.R. 32(A)(4) permits a juvenile court to order a mental examination where competency is at issue, although a statutory standard has not been enacted to guide competency determinations in juvenile proceedings.

Neither the Supreme Court of Ohio nor the Eighth District Court of Appeals (Cuyahoga County) has addressed the issue of juvenile competency relative to due process in juvenile proceedings. Other Ohio appellate courts, however, have spoken on the issue.

The Montgomery County Court of Appeals has twice held that a juvenile court may properly adopt the adult standard in determining competency for purposes of juvenile delinquency hearings, provided the court *"assesses juveniles by juvenile norms rather than adult norms."* (Emphasis added.) *In re Johnson* (Oct. 25, 1983), Montgomery App. No. 7998, unreported, 1983 WL 2516, at *5; see, also, *In re Williams* (1997), 116 Ohio App.3d 237, 687 N.E.2d 507.

Further, the Butler County Court of Appeals has ruled that the adjudication of a juvenile not legally competent to stand trial is a violation of due process. *In re McWhorter* (Dec. 5, 1994), Butler App. No. CA94–02–047, unreported, 1994 WL 673098 at *2, citing *Johnson, supra.*

Richland County has adopted the same standard in holding that "[t]he right not to be tried while incompetent is applicable to the juvenile system just as in the adult system." *In re Lloyd* (Jan. 27, 1997), Richland App. No. 96 CA 86, unreported, 1997 WL 115886, at *2, citing *Johnson* and *McWhorter, supra.*

■ This court finds the foregoing authority persuasive and therefore holds that the Due Process Clauses of the United States and Ohio Constitutions require a juvenile court to observe procedures sufficient to safeguard the child's right not to be adjudicated while incompetent to stand trial.

■ The court further finds well taken the juvenile's request for application of the adult competency statute to juvenile proceedings, *provided the court assesses the juvenile by juvenile norms rather than adult norms.* In evaluating "juvenile norms," the court finds the testimony and competency assessment of Dr. J. Joseph Konieczny to be compelling. In evaluating D.G. regarding his mental condition, Dr. Konieczny testified that the child "does not show an adequate understanding of the nature and objectives of the current proceedings." He further determined that D.G. "does not possess the ability to assist his attorney with his defense."

Dr. Konieczny testified that in assessing "juvenile norms," it is appropriate to consider diminished expectations of a juvenile's ability to appreciate and understand legal strategy; that juveniles are often at earlier stages of emotional growth; that their intellectual development may be incomplete; that they frequently have limited practical experience, and, therefore, their value systems may not be clearly identified or adopted; and that as a result, a juvenile may generally be less disciplined and mature. The court finds the foregoing considerations to be appropriate as juvenile norms.

Having heard the expert testimony, diagnostic reports, and other relevant evidence in the matter, and having considered the foregoing factors regarding "juvenile norms," the court finds by a preponderance of the evidence that because of the juvenile's present mental condition, he is incapable of understanding the nature and objective of the proceedings or of assisting in his defense.

The juvenile herein shall undergo proper treatment through an appropriate mental health facility, and shall submit to treatment by an appropriate mental health professional. This matter shall be continued to a date and time certain for testimony regarding a sufficient course of treatment, and the terms and conditions thereof.

*Judgment accordingly.*